UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

# 05    10633 MEL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| V. | ) CIVIL NO. |
| | ) |
| | ) |
| VINCENTE DUARTE    MAGISTRATE JUDGE | ) |
| | ) |
| Defendant | ) |

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK
DATE

## COMPLAINT FOR MONEY JUDGMENT

Now comes the United States of America by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, alleges as its complaint as follows:

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

2.  The plaintiff is the United States of America, acting through the Farm Service Agency, formerly known as the Farmers Home Administration, United States Department of Agriculture (hereinafter "FSA"), with an office at 451 West Street, Amherst, MA 01002.

3.  Defendant Vincente Duarte is an adult individual whose last-known address is 677 Maple Street, Fall River, Massachusetts 02720.

4.  On or about January 1, 1999, Mr. Duarte assumed a loan in the amount of $26,069.12 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. note prec. 1921.  The loan was rescheduled by a Promissory Note dated November 6, 2000, in the face amount of $23,746.21.  A copy of said Promissory Note is attached hereto as Exhibit A.

5.  On or about January 26, 1999, Mr. Duarte borrowed the sum of $41,930 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. note prec. 1921. The loan was rescheduled by a Promissory Note dated November 6, 2000, in the face amount of $37,733.17. A copy of said Promissory Note is attached hereto as Exhibit B.

6.  On or about August 20, 1999, Mr. Duarte borrowed the sum of $20,000 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. note prec. 1921. The loan was rescheduled by a Promissory Note dated November 6, 2000, in the face amount of $17,767.07. A copy of said Promissory Note is attached hereto as Exhibit C.

7.  On or about September 21, 1999, Mr. Duarte borrowed the sum of $10,000 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. note prec. 1921. The loan was rescheduled by a Promissory Note dated November 6, 2000, in the face amount of $7,970.53. A copy of said Promissory Note is attached hereto as Exhibit D.

8.  On or about November 30, 1999, Mr. Duarte borrowed the sum of $20,000 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. note prec. 1921. The loan was rescheduled by a Promissory Note dated November 6, 2000, in the face amount of $17,473.46. A copy of said Promissory Note is attached hereto as Exhibit E.

9.  On or about March 1, 2000, Mr. Duarte borrowed the sum of $12,000 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. note prec. 1921. The loan was rescheduled by a Promissory Note dated November 6, 2000, in the face amount of $12,410.96. A copy of said Promissory Note is attached hereto as Exhibit F.

10. On or about May 30, 2000, Mr. Duarte borrowed the sum of $20,000 from FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. note

prec. 1921. The loan was rescheduled by a Promissory Note dated November 6, 2000, in the face amount of $20,438.36. A copy of said Promissory Note is attached hereto as Exhibit G.

11. The loans were secured by chattels, but all of said chattels have been disposed of and the proceeds thereof, if any, have been applied to reduce Mr. Duarte's debt.

12. Mr. Duarte has failed or refused to repay the loans evidenced by Exhibits A through G and is therefore in default under the aforesaid Promissory Notes.

13. The balance due and owed to FSA on account of the aforesaid loans, including a cost item of $20.00, is $130,526.88 in principal and $25,833.98 in interest as of February 9, 2005, for a total of $130,526.88, as set forth on the statement of indebtedness attached hereto as Exhibit H.

14. FSA is entitled to recover its debt, including interest and costs.

WHEREFORE, the United States demands judgment against Vincente Duarte in the amount of $156,360.86, plus interest to the date of payment; and the costs of this action.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

By:

CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3328

Dated:

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

### PROMISSORY NOTE

**8. KIND OF LOAN**

Type: _____ OL _____    ☐ Regular

☒ Limited Resource

Pursuant to:

☒ Consolidated Farm & Rural Development Act

☐ Emergency Agricultural Credit Adjustment Act of 1978

| 1. Name | | |
|---|---|---|
| VINCENTE DUARTE | | |

| 2. State | 3. County |
|---|---|
| MASSACHUSETTS | BRISTOL |

**9. ACTION REQUIRING NOTE**

| 4. Case Number | 5. Date |
|---|---|
| 25-003-████1047 | NOVEMBER 6, 2000 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 11 |

| | | | |
|---|---|---|---|
| ☐ Initial loan | ☒ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payments |
| ☐ Conservation easement | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in   DIGHTON, MASSACHUSETTS _____

_____ , or at such other place as the Government may later designate in writing, the principal sum of

TWENTY THREE THOUSAND SEVEN HUNDRED FORTY-SIX AND 21/100 _____ dollars

($ _____ 23,746.21 ), plus interest on the unpaid principal balance at the **RATE** of

FIVE _____ percent ( _____ 5.00 %) per annum and

ZERO _____ dollars ($ _____ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____ 15 _____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ _____ 1.00 on 11/06/2001 _____ ; $ _____ 1.00 on 11/06/2002 _____ ;

$ _____ 1.00 on 11/06/2003 _____ ; $ _____ 1.00 on 11/06/2004 _____ ;

$ _____ 1.00 on 11/06/2005 _____ ; $ _____ 3,670.00 on 11/06/2006 _____ ;

$ _____ 3,670.00 on 11/06/2007 _____ ; $ _____ N/A on N/A _____ ;

$ _____ N/A on N/A _____ ; $ _____ N/A on N/A _____ ;

$ _____ N/A on N/A _____ ; $ _____ N/A on N/A _____ ;

and $ _____ 3,670.00 thereafter on _11/06_ of each _YEAR_ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



EXHIBIT

A

**FSA-1940-17** (10-26-99)                                                                                    Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-03 | $ 26,069.12 | 5.00 % | 01/01/1999 | ASSUMPTION: JORGE VIVEIROS | 01/01/2006 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                                    Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_(signature)_

VINCENT DUARTE                                                                                                          *(Borrower)*

677 MAPLE STREET

FALL RIVER, MA. 02720-5226

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 23,746.21 | 11/06/00 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 23,746.21 | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| | |
|---|---|
| 1. Name<br><br>VINCENTE DUARTE | |
| 2. State<br>MASSACHUSETTS | 3. County<br>BRISTOL |
| 4. Case Number<br>25-003-████1047 | 5. Date<br>NOVEMBER 6, 2000 |
| 6. Fund Code<br><br>44 | 7. Loan Number<br><br>10 |

**8. KIND OF LOAN**

Type: __OL__    ☐ Regular

☒ Limited Resource

Pursuant to:

☒ Consolidated Farm & Rural Development Act

☐ Emergency Agricultural Credit Adjustment Act of 1978

**9. ACTION REQUIRING NOTE**

| | |
|---|---|
| ☐ Initial loan | ☒ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payments |
| ☐ Conservation easement | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __DIGHTON, MASSACHUSETTS__

_____ , or at such other place as the Government may later designate in writing, the principal sum of

THIRTY SEVEN THOUSAND SEVEN HUNDRED THIRTY-THREE AND 17/100 _____ dollars

($_____ 37,733.17 ), plus interest on the unpaid principal balance at the **RATE** of

FIVE _____ percent ( 5.00 %) per annum and

ZERO _____ dollars ($ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in __15__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$_____ 1.00 on 11/06/2001 ; $_____ 1.00 on 11/06/2002 ;

$_____ 1.00 on 11/06/2003 ; $_____ 1.00 on 11/06/2004 ;

$_____ 1.00 on 11/06/2005 ; $_____ 5,831.00 on 11/06/2006 ;

$_____ 5,831.00 on 11/06/2007 ; $_____ N/A on N/A ;

$_____ N/A on N/A ; $_____ N/A on N/A ;

$_____ N/A on N/A ; $_____ N/A on N/A ;

and $_____ 5,831.00 thereafter on 11/06 of each YEAR _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



**FSA-1940-17** (10-26-99)                                                                                          Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-02 | $ 41,930.00 | 5.00 % | 01/26/1999 | VINCENTE DUARTE | 01/26/2006 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                                    Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note.  **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_____
VINCENT DUARTE                                        *(Borrower)*

677 MAPLE STREET
_____
FALL RIVER, MA. 02720-5226
_____
_____

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 37,733.17 | 11/06/00 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 37,733.17 | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

### PROMISSORY NOTE

| 8. KIND OF LOAN |
|---|
| Type: ___OL___    ☐ Regular |
| ☒ Limited Resource |
| Pursuant to: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| 1. Name |
|---|
| VINCENTE DUARTE |

| 2. State | 3. County |
|---|---|
| MASSACHUSETTS | BRISTOL |

| 4. Case Number | 5. Date |
|---|---|
| 25-003-●●●●1047 | NOVEMBER 6, 2000 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 12 |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| ☐ | Initial loan | ☒ | Rescheduling |
| ☐ | Subsequent loan | ☐ | Reamortization |
| ☐ | Consolidated & subsequent loan | ☐ | Credit sale |
| ☐ | Consolidation | ☐ | Deferred payments |
| ☐ | Conservation easement | ☐ | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in   DIGHTON, MASSACHUSETTS

_____ , or at such other place as the Government may later designate in writing, the principal sum of

SEVENTEEN THOUSAND SEVEN HUNDRED SIXTY-SEVEN AND 07/100 _____ dollars

($_____ 17,767.07 ), plus interest on the unpaid principal balance at the **RATE** of

FIVE _____ percent ( _____5.00 %) per annum and

ZERO _____ dollars ($_____ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _____15_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $_____1.00 on 11/06/2001 | ; $_____1.00 on 11/06/2002 | ; |
| $_____1.00 on 11/06/2003 | ; $_____1.00 on 11/06/2004 | ; |
| $_____1.00 on 11/06/2005 | ; $____2,746.00 on 11/06/2006 | ; |
| $____2,746.00 on 11/06/2007 | ; $_____N/A on N/A | ; |
| $_____N/A on N/A | ; $_____N/A on N/A | ; |
| $_____N/A on N/A | ; $_____N/A on N/A | ; |

and $_____2,746.00 thereafter on 11/06 of each  YEAR _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



EXHIBIT

C

**FSA-1940-17** (10-26-99)                                                                                     Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.  For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.  Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower.  Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder.  While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis.  The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder.  The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.  Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-04 | $ 20,000.00 | 5.50 % | 08/20/1999 | VINCENTE DUARTE | 08/20/2006 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing.  These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.  The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                    Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)                                    _____

                                          VINCENT DUARTE                          *(Borrower)*

                                          677 MAPLE STREET
                                          _____
                                          FALL RIVER, MA. 02720-5226
                                          _____

                                          _____

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 17,767.07 | 11/06/00 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 17,767.07 | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: __OL__ | ☐ Regular | |
| | ☒ Limited Resource | |
| Pursuant to: | | |
| ☒ Consolidated Farm & Rural Development Act | | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | | |

1. Name
VINCENTE DUARTE

| 2. State | 3. County |
|---|---|
| MASSACHUSETTS | BRISTOL |

| 4. Case Number | 5. Date |
|---|---|
| 25-003-▓▓▓▓1047 | NOVEMBER 6, 2000 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 13 |

**9. ACTION REQUIRING NOTE**

| ☐ Initial loan | ☒ Rescheduling |
|---|---|
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payments |
| ☐ Conservation easement | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in ___DIGHTON, MASSACHUSETTS___

_____, or at such other place as the Government may later designate in writing, the principal sum of

SEVEN THOUSAND NINE HUNDRED SEVENTY AND 53/100 _____ dollars

($_____ 7,970.53 ), plus interest on the unpaid principal balance at the **RATE** of

FIVE _____ percent (_____ 5.00 %) per annum and

ZERO _____dollars ($_____ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ____15____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$_____151.00 on 11/06/2001 ; $_____151.00 on 11/06/2002 ;

$_____151.00 on 11/06/2003 ; $_____151.00 on 11/06/2004 ;

$_____151.00 on 11/06/2005 ; $_____1,141.00 on 11/06/2006 ;

$_____1,141.00 on 11/06/2007 ; $_____N/A on N/A ;

$_____N/A on N/A ; $_____N/A on N/A ;

$_____N/A on N/A ; $_____N/A on N/A ;

and $_____1,141.00 thereafter on __11/06__ of each __YEAR__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



EXHIBIT

D

**FSA-1940-17** (10-26-99)                                                                                          Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-05 | $ 10,000.00 | 5.00 % | 09/21/1999 | VINCENTE DUARTE | 09/21/2006 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                           Page 3 of 3

   **HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

   **DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

   This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_____

VINCENT DUARTE                                           *(Borrower)*

677 MAPLE STREET
_____
FALL RIVER, MA. 02720-5226
_____

_____


**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 7,970.53 | 11/06/00 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 7,970.53 | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: OL | ☐ | Regular |
| | ☒ | Limited Resource |
| Pursuant to: | | |
| ☒ Consolidated Farm & Rural Development Act | | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name | | |
|---|---|---|
| VINCENTE DUARTE | | |

| 2. State | 3. County |
|---|---|
| MASSACHUSETTS | BRISTOL |

| 4. Case Number | 5. Date |
|---|---|
| 25-003-▓▓▓1047 | NOVEMBER 6, 2000 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 14 |

| 9. ACTION REQUIRING NOTE | | | |
|---|---|---|---|
| ☐ | Initial loan | ☒ | Rescheduling |
| ☐ | Subsequent loan | ☐ | Reamortization |
| ☐ | Consolidated & subsequent loan | ☐ | Credit sale |
| ☐ | Consolidation | ☐ | Deferred payments |
| ☐ | Conservation easement | ☐ | Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in  DIGHTON, MASSACHUSETTS

_____ , or at such other place as the Government may later designate in writing, the principal sum of

SEVENTEEN THOUSAND FOUR HUNDRED SEVENTY-THREE AND 46/100 _____ dollars

($ 17,473.46 ), plus interest on the unpaid principal balance at the **RATE** of

FIVE _____ percent ( 5.00 %) per annum and

ZERO _____ dollars ($ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in  15  installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $ 1.00 on 11/06/2001 | ; | $ 1.00 on 11/06/2002 ; |
| $ 1.00 on 11/06/2003 | ; | $ 1.00 on 11/06/2004 ; |
| $ 1.00 on 11/06/2005 | ; | $ 2,700.00 on 11/06/2006 ; |
| $ 2,700.00 on 11/06/2007 | ; | $ N/A on N/A ; |
| $ N/A on N/A | ; | $ N/A on N/A ; |
| $ N/A on N/A | ; | $ N/A on N/A ; |

and $ 2,700.00 thereafter on  11/06  of each  YEAR  until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN  years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



EXHIBIT

E

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-06 | $ 20,000.00 | 5.00 % | 11/30/1999 | VINCENTE DUARTE | 11/30/2006 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                                      Page 3 of 3

   **HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

   **DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

   This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

VINCENT DUARTE                                                                            *(Borrower)*

677 MAPLE STREET

FALL RIVER, MA. 02720-5226

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 17,473.46 | 11/06/00 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 17,473.46 | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: ___OL___ | ☐ Regular | |
| | [X] Limited Resource | |
| Pursuant to: | | |
| [X] Consolidated Farm & Rural Development Act | | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name | | |
|---|---|---|
| VINCENTE DUARTE | | |

| 2. State | 3. County |
|---|---|
| MASSACHUSETTS | BRISTOL |

| 4. Case Number | 5. Date |
|---|---|
| 25-003-●●●●1047 | NOVEMBER 6, 2000 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 15 |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| ☐ Initial loan | | [X] Rescheduling | |
| ☐ Subsequent loan | | ☐ Reamortization | |
| ☐ Consolidated & subsequent loan | | ☐ Credit sale | |
| ☐ Consolidation | | ☐ Deferred payments | |
| ☐ Conservation easement | | ☐ Debt write down | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __DIGHTON, MASSACHUSETTS__

_____ , or at such other place as the Government may later designate in writing, the principal sum of

TWELVE THOUSAND FOUR HUNDRED TEN AND 96/100 _____ dollars

($_____ 12,410.96 ), plus interest on the unpaid principal balance at the **RATE** of

FIVE _____ percent ( 5.00 %) per annum and

ZERO _____ dollars ($ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___15___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$_____ 1.00 on 11/06/2001    ; $_____ 1.00 on 11/06/2002    ;

$_____ 1.00 on 11/06/2003    ; $_____ 1.00 on 11/06/2004    ;

$_____ 1.00 on 11/06/2005    ; $_____ 1,918.00 on 11/06/2006    ;

$_____ 1,918.00 on 11/06/2007    ; $_____ N/A on N/A    ;

$_____ N/A on N/A    ; $_____ N/A on N/A    ;

$_____ N/A on N/A    ; $_____ N/A on N/A    ;

and $_____ 1,918.00 thereafter on __11/06__ of each __YEAR__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __FIFTEEN__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



**FSA-1940-17** (10-26-99)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE *(include year)* | ORIGINAL BORROWER | LAST INSTALL. DUE *(include year)* |
|---|---|---|---|---|---|
| 44-07 | $ 12,000.00 | 5.00 % | 03/01/2000 | VINCENTE DUARTE | 03/01/2001 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                      Page 3 of 3

   **HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

   **DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

   This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.


Presentment, protest, and notice are waived.


(SEAL)                                              _____
                                                    VINCENT DUARTE                           *(Borrower)*


                                                    677 MAPLE STREET
                                                    _____
                                                    FALL RIVER, MA. 02720-5226
                                                    _____


## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 12,410.96 | 11/06/00 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 12,410.96 | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: OL | ☐ Regular | |
| | ☒ Limited Resource | |
| Pursuant to: | | |
| ☒ Consolidated Farm & Rural Development Act | | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | | |

| 1. Name | |
|---|---|
| VINCENTE DUARTE | |

| 2. State | 3. County |
|---|---|
| MASSACHUSETTS | BRISTOL |

| 4. Case Number | 5. Date |
|---|---|
| 25-003-████1047 | NOVEMBER 6, 2000 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 16 |

**9. ACTION REQUIRING NOTE**

| ☐ Initial loan | ☒ Rescheduling |
|---|---|
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| ☐ Consolidation | ☐ Deferred payments |
| ☐ Conservation easement | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __DIGHTON, MASSACHUSETTS__

_____ , or at such other place as the Government may later designate in writing, the principal sum of

TWENTY THOUSAND FOUR HUNDRED THIRTY-EIGHT AND 36/100 _____ dollars

($_____ 20,438.36 ), plus interest on the unpaid principal balance at the **RATE** of

FIVE _____ percent ( 5.00 %) per annum and

ZERO _____ dollars ($_____ 0.00 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ____15____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ 1.00 on 11/06/2001 | ; $ 1.00 on 11/06/2002 ; |
|---|---|
| $ 1.00 on 11/06/2003 | ; $ 1.00 on 11/06/2004 ; |
| $ 1.00 on 11/06/2005 | ; $ 3,158.00 on 11/06/2006 ; |
| $ 3,158.00 on 11/06/2007 | ; $ N/A on N/A ; |
| $ N/A on N/A | ; $ N/A on N/A ; |
| $ N/A on N/A | ; $ N/A on N/A ; |

and $_____ 3,158.00 thereafter on 11/06 _____ of each YEAR _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



EXHIBIT

G

FSA-1940-17 (10-26-99)                                                                                  Page 2 of 3

    For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

    ·Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

    Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

    If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

    Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

    Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

    If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-08 | $ 20,000.00 | 5.00 % | 05/30/2000 | VINCENTE DUARTE | 05/30/2007 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

    Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

    **REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                                    Page 3 of 3

    **HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.  If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements.  Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

    **DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

    This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above.  This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_____
VINCENT DUARTE                              *(Borrower)*

677 MAPLE STREET
_____
FALL RIVER, MA. 02720-5226
_____

_____

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 20,438.36 | 11/06/00 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ 20,438.36 | |



# FARM SERVICE AGENCY
## 445 WEST STREET
## AMHERST, MA 01002

### INDEBTEDNESS AS OF 02/09/05
### (PER ADPS)

**NAME:**    DUARTE, VINCENTE

**CASE NUMBER:**    25-003-███████1047

| FUND CODE/ LOAN NO. | DATE OF LAST PAYMENT | UNPAID PRINCIPAL | UNPAID INTEREST | DAILY INTEREST ACCRUAL |
|---|---|---|---|---|
| 44-10 | 12/22/03 | $ 37,733.17 | $ 8,008.83 | $ 5.1689 |
| 44-11 | 12/22/03 | 23,746.21 | 5,055.27 | 3.2529 |
| 44-12 | 12/22/03 | 17,767.07 | 3,781.63 | 2.4338 |
| 44-13 | 12/22/03 | 7,970.53 | 1,244.84 | 1.0919 |
| 44-14 | 12/22/03 | 17,473.46 | 3,719.09 | 2.3936 |
| 44-15 | 12/22/03 | 12,410.96 | 2,640.71 | 1.7001 |
| 44-16 | 12/22/03 | 13,405.48 | 1,382.56 | 1.8364 |
| 44-99 | 00/00/00 | $ 20.00 | $ 1.05 | $ .0027 |
| | | $130,526.88 | $25,833.98 | |

$156,360.86

**DANIEL A. SMIAROWSKI**
**Farm Loan Specialist**

**Commonwealth of Massachusetts**

ss.

**County of Hampshire**

On this 9th day of February, 2005, before me, the undersigned Notary Public, personally appeared Daniel A. Smiarowski proved to me through satisfactory evidence of identification, which was a Massachusetts Drivers License, to be the person whose name is signed on the preceding document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

**JANE ANN RICE**
**Notary Public**

JANE ANN RICE
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jan 29, 2010

**My Commission Expires January 29, 2010**